IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Walter Sprouse, | ) | |
| | ) | Civil Action No. 9:13-1287-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Walter Sprouse ("Sprouse") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under the Social Security Act. This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C. (ECF No. 29.) The Report recommends that the Commissioner's decision be reversed and remanded pursuant to sentence four of § 405(g) for further proceedings. Plaintiff has not filed any objections to the Report, and on June 16, 2014, the Commissioner filed a notice of her intent not to file any objections to the Report. (ECF No. 28).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

1

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough and careful review of the record, the court adopts the Report of the Magistrate Judge which is incorporated herein by reference. The Commissioner's final decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the purpose of obtaining vocational expert testimony to establish whether the Plaintiff can perform other work with her exertional and non-exertional limitations, and for such other administrative action as may be necessary or appropriate.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

June 19, 2014  
Anderson, South Carolina